IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>QUINTON REESE SLOAN,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT (Phase II)**<br><br>Case No. 4:20-cr-00152-DN-DBP<br><br>District Judge David Nuffer |

　　　　This Order Continuing Trial and Excluding Time Under the Speedy Trial Act is entered in the context of the consequences of the Coronavirus Disease ("COVID-19") in the District of Utah. The effect of this pandemic was to suspend all in person hearings and criminal trials for over a year. This unprecedented court closure has created a substantial backlog of criminal trials.

　　　　Holding criminal jury trials is challenging under the COVID-19 conditions. Courts and court operations are necessarily social operations, involving many people. The ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial is significantly reduced by the pandemic and health agency requirements. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, considering the broad spectrum of participants and their contacts outside the court, is not currently possible in the physical facilities available to the court. Long exposure in confined spaces, which is inherent in trial, increases risk of infection. Video and audio conferencing, used for hearings, are not available for criminal trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with Defendant, under these circumstances is also greatly reduced.

The Court has made diligent preparations for resumption of in person proceedings including jury trials. Plexiglass barriers for in person hearings have been installed in all courtrooms, and two courtrooms in Salt Lake City and one in St. George are fully outfitted with barriers for jury trials.[1] Signage has been installed, and restrictions on courthouse entry are in place. A mock jury orientation, selection, and trial was conducted so that the court and personnel are ready – when the pandemic danger subsides enough to permit jury trial. A plan for resumption of jury trials, with many exhibits, has been posted by the court. Plans have been made for virtual voir dire, which would relieve the need for an entire jury panel to come into the court. Vaccines are becoming more rapidly available. But public compliance with masking and social distancing remains inconsistent and the effectiveness of the vaccines on COVID-19 variants is unknown. Therefore, trials must be conducted under COVID-19 safe protocols.[2]

When Utah's case count was declining late last summer, the Court posted information on Resumption of Certain In-Person Court Proceedings consistent with plan for phased reopening outlined in General Order 20-021. The most recent General Order from Chief Judge Robert J. Shelby[3] moved the Court to Phase II of its phased reopening plan effective April 1, 2021, and extended the postponement of most civil and criminal proceedings through June 30, 2021, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through June 30, 2021. Under that order, beginning April 29, 2021, the Court will begin continuous, consecutive criminal jury trials—one trial at a time in the Federal courthouse in Salt Lake City. Trials are scheduled according to priority based on several

---

[1] *See* Forms for use in COVID-19 conditions at https://www.utd.uscourts.gov/southern-region-district-utah and the Courtroom photographs (https://www.utd.uscourts.gov/sites/utd/files/Courtroom%20photographs.pdf) (last visited April 1, 2021.

[2] *See* COVID-19 Trial Order Addendum at https://www.utd.uscourts.gov/sites/utd/files/COVID-19%20Trial%20Order%20Addendum.pdf (last visited April 1, 2021).

[3] General Order 21-003.

criteria, and additional criminal jury trials will be scheduled accordingly. The same prioritization of trials will occur in the courthouse in St. George. Prioritization of trials necessarily implies that some trials will occur before others.

### Exclusion of Time under the Speedy Trial Act

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[4] Such an exclusion of time is specifically prohibited "because of general congestion of the court's calendar."[5]

But these conditions are not "general congestion." The need to conduct trials safely and reduce the backlog of older cases with defendants in custody requires careful triage and prioritization of trials. Failure to take these precautions would result in a miscarriage of justice.[6] Additionally, as a result of the consequences of the COVID-19, the parties have not had the ability to interview witnesses and adequately investigate and prepare for trial, despite the exercise of reasonable diligence. The parties have indicated that 120 days after the court is open for trials are needed to prepare for trial, using reasonable diligence, to allow witness and defendant contact, and other preparation.[7] Therefore, the ends of justice served by a continuance outweigh the best interests of the public and Defendant in a speedy trial.[8] Based on the parties' representations,[9] and General Order 21-003's exclusion of time under the Speedy Trial Act through June 30, 2021, trial in this case will be continued to November 16, 2021. The time from

---

[4] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

[5] 18 U.S.C. § 3161(h)(7)(C).

[6] *Id*. § 3161(h)(7)(B)(i).

[7] Joint Status Report, docket no. 25, filed Apr. 9, 2021; 18 U.S.C. § 3161(h)(7)(B)(iv).

[8] 18 U.S.C. § 3161(h)(7)(A).

[9] Joint Status Report.

the entry of General Order 20-009, March 16, 2020, to the new trial date will be excluded from Defendant's speedy trial computation.

## ORDER

IT IS HEREBY ORDERED the 3-day jury trial previously scheduled to begin on May 24, 2021, is vacated, along with all trial related dates. The 3-day jury trial in this case is continued and set for November 16, 2021, at 8:30 a.m.

IT IS FURTHER ORDERED that the time from the entry of General Order 20-009, March 16, 2020, to the new trial date is excluded from Defendant's speedy trial computation.

Signed April 13, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge